Haywood, Justice.—
Phis action as you have brought it, is a joint one, and an abatement as to one, is therefore an abatement of the whole writ; for ollierwi.se your judgment will not be as broad as the writ. — that demands a di hr against two, the judgment will be agamsi one only; the other by his contract, is to be contributory to the debt, *562 a)1(j ^|ie COIUq will not discharge him because of an irre-guiar service of process, and lay the burden of the whole upon the oilier. — that does not go to the merits, nor does it prove him not to be contributory, as you have declared he is. '
StoNE, Justice.
1 think the Plaintiff is entitled to judgment. If two are sued, and both plead the general issue,' and there is a verdict for one, the Plaintiff may have judgment against the other. Spiller then cited Gil. L. Ev. 159. 5 Re. 119, and the court permitted him to enter his judgment.
Qutere de hoc. — For if two be sued upon a joint bond, and both plead non est factum, and it be found for the one,and againstthe other, then it appears one of them can never be made contribulary. Though the Plaintiff should be put to a new action, he is forever discharged by the verdict, and therefore, the law will give judgment against the other, as there must be a writ of the same form against him, should a new one be taken out. But where one only abates tne writ as to himself, that does not prove him notto be a co-obligor ; it is still tobe taken according to the Plaintiff’s averment in his declaration, that he is a co-obligor, and jointly conlributary with the other, and therefore jointly to be proceeded against with him ; this other ought not to be made answerable for the-whole debt, when the Defendant who pleaded in abatement, by bis contract is equally liable, merely because the Plaintiff has chosen for instance to misname him, or has committed some other irregularity, which causes the writ to be abateableas to one. The Plaintiff is bound by law and his contract to sue boih. If he sues one only, the writ may be abated for that. Stra. 503, and yet according to this determination, the Plaintiff may do that indirectly, which the law will not suffer him to do directly ; tor he may misname one, and have an abatement as to him, and then proceed against the other alone. It is no answer to say, that joint bonds are now considered in law as joint and several ; for if the Plaintiff sues upon it as a joint' bond, then it is in all respects, still to be held as a joint bond, and all the common law rules respecting joint bonds, attach upon it. If there be two Defendants,and they plead several pleas, and tin* Plaintiff' take issue upon one, and demur to the other, and the issue be found for the Defendant, t ie couit will not proceed on the demurrer. 1 Bac. Ab. 15. Hob. 250, et sic vice versa — for in both cases the suit being once abated, it would be impertinent to judge whether it ought to abate on the other’s plea. Vide also Hob. 180, where Plaintiff .-ues two, and is nonsuit as to one before judgment against the other, he is barred as to both. If there are two executors, and the one is misnamed and abate the writ, it is abated as to both. 1 Bac. Ab. 11. 6 Mo. 10. Though one Defendant may be acquitted in part and condemned in part of a trespass ; or one condemned in the action, and the other acquitted, (he writ cannot abate as to one and subsist as to the other, though 8 Co. 159, seems e centra.
Note. — This decision was certainly an erroneous one.